Jack Rosenberg, J.
The defendants hero move to dismiss Indictment No. 2845/73 charging them in four counts with first degree robbery, third degree grand larceny, possession of a weapon, dangerous instrument and appliance and second degree robbery. The affirmations of their counsel submitted in support of their motions allege that the charges made in that indictment arise out of the same transactions that led to their indictment and trial in the United States District Court for distribution and possession with intent to distribute five ounces of a narcotic drug, cocaine hydrochloride, in violation of sections 812, 841 (subd. [a], par. [1]) and 841 (subd. [b], par. [1], cl. [A]) of title 21 of the United States Code. The affirmations also allege that the moving defendants were tried in the United States District Court on that indictment beginning October 8,1973 and that that trial ended on October 18, 1973 when United States Judge Kevin Thomas Duffy granted the defendants’ motion for a verdict of acquittal on the ground that after a review of all the evidence, he was compelled to rule that he was convinced that 12 reasonable men could not but find a reasonable doubt in the case and under the circumstances he was ‘ ‘ ordering that a verdict of acquittal be entered.” The affirmations of counsel for both defendants allege, without contradiction from the People, that the indictment here under consideration involved “the same transaction” as the Federal prosecution which resulted in a directed verdict of acquittal. It appears, also, that the People, to obtain a conviction under the indictment here attacked, would have to submit the same evidence as was submitted by the prosecution in the Federal trial, evidence which the Federal court had ruled was insufficient to enable 12 reasonable men to make a finding of guilt beyond a reasonable doubt.
In the trial in the/Federal court, the prosecution sought to establish possession and distribution by the defendants of five ounces of cocaine hydrochloride by establishing that on August 7, 1972 the defendants named in Indictment 2845/73 had at knifepoint forcibly stolen the charged quantity of narcotic drugs from a Dr. Edward Wolfe in his apartment. The primary testimony as to the robbery was by the claimed victim thereof. There was no corroboration of the victim’s testimony nor any evidence of the existence in the victim’s apartment of the allegedly stolen narcotics, nor of any possession or disposition *67 of the narcotics by the defendants other than the testimony of the victim.
The grounds cited in support of the motion to dismiss are CPL 40.20, 40.30 and 40.40 and the bans on double jeopardy contained in the Federal and State Constitutions. CPL 40.20 reads in relevant part:
“ 2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
“ (a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or
“ (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; 0r * * *
1 ‘ (f) One of the offenses consists of a violation of a statutory provision of another jurisdiction, which offense has been prosecuted in such other jurisdiction and has there been terminated by a court order expressly founded upon insufficiency of evidence to establish some element of such offense which is not an element of the other offense, defined by the laws of this state.”
While it is true that the Federal prosecution on its face need not have involved any element of robbery or larceny or possession of a weapon, the fact is that in that prosecution the effort to prove the possession of narcotics by the defendants was made in terms of the testimony of Dr. Wolfe that the possession charged to the defendants arose out of their robbery from him of the narcotics he claimed to have possessed. Hence the Federal prosecution, like the prosecution of the indictment which is the subject of the instant motions, arose out of the same criminal act, the alleged forcible taking of narcotics from the doctor by the defendants. Hence neither paragraph (a) nor (b) of subdivision 2 of CPL 40.20 is applicable and we are left only with the question of the possible applicability of paragraph (f). That paragraph allows a prosecution in the face of a termination of a prosecution for violation of a statutory provision of another jurisdiction only if the court order of that other jurisdiction (here the Federal court) had been terminated by that court by an order ‘ ‘ expressly founded upon insufficiency of evidence to establish some element of such offense which is not an element of the other offense, defined by the laws of this state.” The language we have quoted above from the Federal court order directing acquittal of the defendants of the violation of the statutory *68 provision there charged, clearly makes no such express finding but speaks only in general terms of the. evidence being insufficient to prove the crime charged beyond a reasonable doubt. Hence this court is compelled by the statute to grant the motion to dismiss the indictments.
This result is consistent with the position taken by our Court of Appeals as to the interpretation of the predecessor section to CPL 40.20, section 139 of the Code of Criminal Procedure, in People v. Lo Cicero (14 N Y 2d 374, 378). There the court said that ‘ ‘ The reference to ‘ another • state, territory or country ’ contained in section 139 must, therefore, be read, not as deliberately excluding the Federal jurisdiction, but as a general reference to sovereigns other than New York.” The court went on to say:
“We áre also obliged to construe statutes so as to avoid constitutional doubts, [citing cases.] While there are numerous cases flatly holding that both the Federal and. State Governments may constitutionally punish a man for a single act that offends the laws of both jurisdictions (United States v. Lanza, 260 U. S. 377, 382; Bartkus v. Illinois, 359 U. S. 121; Abbate v. United States, 359 U. S. 187), similar holdings in regard to the dual sovereignty limitation on the constitutional protection against self incrimination have recently been overruled (Murphy v. Waterfront Comm. of N. Y. Harbor, 378 U. S. 52).
1 ‘ For these reasons, and in view of the fundamental character of the rule that a man shall not be twice vexed for the same cause and the deep roots it throws into the history of the criminal law, we are not inclined to narrow its application by exceptions based on an ambiguity of statutory draftsmanship.”
The validity of the views of the Court of Appeals we have quoted above is reinforced by the ruling of the Supreme Court of the United States in Ashe v. Swenson (397 U. S. 436, 445) in which it was held that the constitutional ban oh double jeopardy includes the doctrine of collateral estoppel. The Supreme Court said (p. 444): “The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 1 examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, *69 and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.’ * * * Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the'first judgment was based on a general verdict of acquittal.” (See, also, Matter of Brighenti v. Judges of N. Y. Supreme Ct., 41 A D 2d 209.)
Accordingly, the motion is granted.